UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY | ) | |
| COMMISSION, | ) | |
| 10 S. Howard Street, 3rd Floor | ) | |
| Baltimore, Maryland 21201, | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| EXTRA SPACE MANAGEMENT, INC., | ) | JURY TRIAL DEMAND |
| 18920 Earhart Court | ) | |
| Gaithersburg, Maryland  20879, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

NATURE OF ACTION

        This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I

of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of

disability and to provide appropriate relief to James L. Hill, II ("Mr. Hill"), who was adversely

affected by such practices.  The Commission alleges that Defendant Extra Space Management,

Inc. ("Defendant") unlawfully discharged Mr. Hill on October 27, 2006 because of his

disfigurement resulting from severe burns to his body, in violation of the Americans with

Disabilities Act of 1990.

JURISDICTION AND VENUE

        1.        Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the

Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by

reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42

U.S.C. § 1981a.

2.      The unlawful employment practices alleged herein were committed within the

judicial district of this Court.

PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission ("the Commission"), is

the agency of the United States of America charged with the administration, interpretation and

enforcement of Title I of the ADA and is expressly authorized to bring this action by Section

107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1)

and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Extra Space Management, Inc. ("Defendant") has

continuously been doing business within the State of Maryland, and has continuously had at least

fifteen employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an

industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and

Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections

701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Defendant has been a covered entity under Section 101(2) of

the ADA, 42 U.S.C. § 12111(2).

STATEMENT OF CLAIMS

7.      More than thirty days prior to the institution of this lawsuit, Mr. Hill filed a charge with the Commission alleging violations of Title I of the ADA by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

8.      Mr. Hill has at all relevant times been a qualified individual with a disability within the meaning of the ADA.  He has a visible disfigurement as a result of sustaining severe burns to his body.  Over 85% of his body (from his head to his knees) is scarred.  He is missing cartilage from both ears; his mouth is disfigured; and his fingers are deformed.  During the relevant time period, his right eyelid drooped and did not close completely.

9.      Mr. Hill began working for Defendant as a maintenance person at its Gaithersburg, Maryland storage facility in June 2006, and remained in this position throughout his employment. Mr. Hill was at all relevant times physically capable and willing to perform all essential functions of his position.

10.     Since at least late September, 2006, Defendant has engaged in unlawful conduct at its Gaithersburg, Maryland facility, in violation of Sections 102(a) and (b) of Title I of the ADA, 42 U.S.C. Section 12112(a) and (b).   After meeting Mr. Hill in late September 2006, Defendant's Acting District Manager advised the Gaithersburg Store Manager that he noticed that Mr. Hill "was handicapped, deformed or something and it's clear he can't get the job done. I will need to contact [Human Resources.]"  On October 27, 2006, Defendant unlawfully discharged Mr. Hill because of his disability.

11.     As a direct and proximate result of these violations of his rights under the ADA, Mr. Hill has suffered damages in the form of expenses for job searches, expenses incurred due to

the loss of health insurance, and other past pecuniary losses. In addition, he has suffered emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

12.    The unlawful employment practices complained of above were intentional.

13.    The unlawful employment practices complained of herein were, and are being, done with malice or with reckless indifference to the federally protected rights of Mr. Hill.

14.    The unlawful employment practices complained of herein have caused Mr. Hill to suffer economic injuries, including but not limited to lost wages, as well as nonpecuniary injuries.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from refusing to accommodate and from illegally terminating individuals who are disabled within the meaning of the ADA, and any other employment practice which discriminates on the basis of disability.

B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make whole Mr. Hill by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.      Order Defendant to reinstate Mr. Hill or to make him whole by providing him with front pay, in amounts to be determined at trial, to eradicate the effects of Defendant's unlawful employment practices.

E.      Order Defendant to make whole Mr. Hill by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F.      Order Defendant to make whole Mr. Hill by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional and mental anguish, pain and suffering, humiliation, loss of enjoyment of life, and devastation in amounts to be determined at trial.

G.      Order Defendant to pay Mr. Hill punitive damages for its malicious and reckless conduct, as described hereinabove, in amounts to be determined at trial.

H.      Grant such further legal or equitable relief, including injunctive relief, as the Court deems necessary and proper in the public interest.

I.      Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission hereby requests a jury trial on all questions of fact raised by its

Complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____/s/_____
JACQUELINE H. McNAIR
Regional Attorney

_____/s/_____
DEBRA M. LAWRENCE
Supervisory Trial Attorney

_____/s/_____
MARIA SALACUSE
Senior Trial Attorney
Bar No. 15562

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
10 S. Howard Street, 3rd Floor
Baltimore, Maryland  21201
(410) 209-2733 (phone)
(410) 962-4270 (fax)